PER CURIAM.*
As we explained in Powell v. McDermott International, Inc., 588 So.2d 84 (La.1991), the factors set forth in Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), and Hellenic Lines Limited v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), are not all treated equally. Although the law of the flag of the vessel is perhaps the most important factor, the domicile of the injured plaintiff, especially if an American on a foreign-flagged vessel, has been considered an important “counterweight.”
In the present case, plaintiff was an American domiciliary injured on a Malaysian-flagged vessel. Plaintiffs original employment contract, signed on February 7,1990 in New Orleans, did not make foreign law appli *1327 cable to the contract.[1] Although the vessel on which plaintiff was injured was registered to a Malaysian corporation, that corporation was partially owned by McDermott. We believe these factors effectively counterbalance the law of the flag.
Accordingly, we conclude that the trial court correctly held that American law applies to this case. The judgment of the court of appeal is reversed. The judgment of the trial court denying McDermott’s motion for summary judgment is reinstated, and the case is remanded to the trial court for further proceedings.
LEMMON and KIMBALL, JJ., would grant and docket.

 Dennis, J., not on panel.

. Although a second contract, signed on November 20, 1990 at sea in foreign waters, purported to make foreign law applicable, no reason was given for requiring this contract and the only significant difference between this contract and the earlier contract was the foreign law clause.